Form 150

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                          Bankruptcy Case No.: 17−10145−TPA

                                                                Chapter: 13
                                                                Docket No.: 48 − 44
                                                                Conciliation Conference Date: 11/28/17 at 10:30 AM

**Justin C. Patterson**                                         Lawrence J. Zock Jr.
   Debtor(s)

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than 18 years of age and that

on the ___15th___ day of ___November___, _2017_, I served a copy of the within *Order* together with the *Amended Plan* filed in this proceeding, by (describe the mode of service):


REGULAR US POSTAL SERVICE


on the respondent(s) at (list names and addresses here):


SEE ATTACHED MAILING MATRIX



Executed on ___November 15, 2017___          ___/s/ Leslie Nebel___
           (Date)                                    (Signature)

Leslie Nebel, 707 Grant Street, Suite 2830, Pittsburgh, PA  15219
(Type Name and Mailing Address of Person Who Made Service)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0315-1<br>Case 17-10145-TPA<br>WESTERN DISTRICT OF PENNSYLVANIA<br>Erie<br>Thu Nov  9 08:10:38 EST 2017 | 1st National Bank of Omaha<br>1620 Dodge Street<br>Omaha, NE 68197-0002 | AmeriMark Premier<br>PO Box 2845<br>Monroe, WI 53566-8045 |
| Amerimark<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Berkheimer<br>PO Box 25130<br>Lehigh Valley, PA 18002-5130 | Bureau of UC Benefits and Allowances<br>Attn: UI Payment Services<br>PO Box 67503<br>Harrisburg, PA 17106-7503 |
| COMENITY CAPITAL BANK<br>C O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Capital One Bank USA NA<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 | Capital One FSB<br>1680 Capital One Drive<br>Mc Lean, VA 22102-3407 |
| DSNB / Macy's<br>PO  Box 8218<br>Mason, OH 45040-8218 | Department Stores National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA  98083-0657 | Direct TV<br>c/o Convergent Outsourcing<br>PO Box 9004<br>Renton, WA 98057-9004 |
| Directv, LLC<br>by American InfoSource LP as agent<br>PO Box 5008<br>Carol Stream, IL  60197-5008 | Discover<br>PO Box 15136<br>Wilmington, DE 19850 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Erie Community Credit Union<br>c/o Carol F. Messenger, Payment Solution<br>1129 State Street<br>Erie, PA 16501-1911 | Erie Federal Credit Union<br>1129 State Street<br>Erie, PA 16501-1911 |
| First National Bank of Omaha<br>1620 Dodge St., Stop Code 3105<br>Omaha, NE 68197-0002 | Lake View Loan Servicing<br>1301 Virginia Drive<br>Fort Washington, PA 19034-3231 | (p)M&T BANK<br>LEGAL DOCUMENT PROCESSING<br>1100 WHERLE DRIVE<br>WILLIAMSVILLE NY 14221-7748 |
| McCabe Weisberg & Conway<br>123 S. Broad Street, Suite 1400<br>Philadelphia, PA 19109-1060 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Mutual of Omaha Bank<br>c/o TMG Financial Services<br>1500 NW 118th Street<br>Des Moines, IA 50325-8242 |
| North East Heat & Light<br>10700 West Main Street<br>North East, PA 16428-2228 | Northeast Township Tax Collector,<br>c/o Penny Luke<br>10300 W. Main Street<br>North East, PA 16428-2858 | Office of the United States Trustee<br>Liberty Center.<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, PA 15222-3721 |
| PNC<br>c/o Credit Collection Services<br>725 Canton Street<br>Norwood, MA 02062-2679 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | PYOD LLC<br>c/o resurgent Capital<br>Sutie 110 MS 5796<br>Greenville, SC 29601 |

PYOD, LLC its successors and assigns as assi
of Capital One, F.S.B.
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Justin C. Patterson
1041 Freeport Road
North East, PA 16428-3027

PayPal Credit
PO Box 5138
Timonium, MD 21094-5138

Penelec
76 S. Main Street
Akron, OH 44308-1812

Penelec
c/o FirstEnergy
Building #1, Suite 1-511
101 Crawford's Corner Rd
Holmdel, NJ 07733-1900

Pennsylvania Dept. of Revenue
Department 280946
P.O. Box 280946
ATTN: BANKRUPTCY DIVISION
Harrisburg, PA 17128-0946

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

SNYCB/Wal-Mart
PO Box 965024
Orlando, FL 32896-5024

SYNCB/Amazon
PO Box 965015
Orlando, FL 32896-5015

SYNCB/Pay Pal Smart Conn
PO Box 965005
Orlando, FL 32896-5005

Kenneth M. Steinberg
Steidl & Steinberg
Suite 2830 Gulf Tower.
707 Grant Street
Pittsburgh, PA 15219-1908

Stonegate Mortgage Corporation
157 South Main Street
Mansfield, OH 44902-7955

Ann E. Swartz
McCabe, Weisberg & Conway, P.C.
123 South Broad Street
Suite 1400
Philadelphia, PA 19109-1060

TD BANK USA, N.A.
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

TD Bank USA/Target Credit
PO Box 673
Minneapolis, MN 55440-0673

TMG Financial Services
PO Box 14542
Des Moines, IA 50306-3542

TW Northeast
c/o Credit Management
4200 International Parkway
Carrollton, TX 75007-1912

Time Warner Cable
5520 Whipple Avenue NW
North Canton, OH 44720-7700

Verizon
c/o Trident Asset Management
PO Box 888424
Atlanta, GA 30356-0424

James Warmbrodt
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106-1541

Widget Federal Credit Union
2154 E. Lake Road
Erie, PA 16511-1140

Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219-2702

Lawrence J. Zock Jr.
1041 Freeport Road
North East, PA 16428-3027

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Financial Services
PO Box 15316
Wilmington, DE 19850

M&T Bank
P.O. Box 1288
Buffalo, NY 14240

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Jacob M. Ottley, Esquire          (u)LakeView Loan Servicing, LLC          (du)Lakeview Loan Servicing, LLC


(d)PRA Receivables Management, LLC     End of Label Matrix
PO Box 41021                           Mailable recipients    52
Norfolk, VA 23541-1021                 Bypassed recipients     4
                                       Total                  56

Form 202

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Justin C. Patterson**
**Lawrence J. Zock Jr.**
    Debtor(s)

Bankruptcy Case No.: 17−10145−TPA

Chapter: 13
Docket No.: 48 − 44
Concil. Conf.: November 28, 2017 at 10:30 AM

### ORDER SCHEDULING DATES FOR HEARING ON
### AND OBJECTION TO AMENDED PLAN DATED November 9, 2017

      **IT IS HEREBY ORDERED** that the Debtor(s) shall *immediately* serve a copy of this order and the "Amended Chapter 13 Plan" on the Chapter 13 Trustee and all parties in interest and complete and file the enclosed Certificate of Service with the Clerk of the Bankruptcy Court.

      *On or before November 21, 2017,* all Objections must be filed and served on the Debtor, Chapter 13 Trustee, and any creditor whose claim is the subject of the Objection. *Objections which are not timely filed will not be considered.*

      *On November 28, 2017 at 10:30 AM,* a Conciliation Conference shall occur with the Chapter 13 Trustee on the Debtor's Amended Chapter 13 Plan at Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501.

      If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

Dated: November 14, 2017

Thomas P. Agresti, Judge
United States Bankruptcy Court

cm: Proponent of the Amended Plan

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number: **17-10145  TPA**

Debtor#1 **JUSTIN C. PATTERSON**                                   Last Four (4) Digits of  SSN: **2608**

Debtor#2: **LAWRENCE J. ZOCK JR.**                                Last Four (4) Digits of  SSN: **9182**

**Hearing Date: 11/28/17 at 10:30 am**

*Check if applicable*   **X**   **Amended Plan**      ☐ **Plan expected to be completed within the next 12 months**

### CHAPTER 13 PLAN DATED NOVEMBER 9, 2017
### COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**

Total amount of **$1,430.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

Payments:         By Income Attachment               Directly by Debtor              By Automated Bank Transfer
D#1           **$1,430.00**                          $_____           $_____
D#2           $_____                    $_____           $_____
(Income attachments must be used by Debtors having attachable income)       (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**:  no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
  i.   The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii.  The original plan term has been extended by _____months for a total of _____months from the original plan filing date;
  iii. The payment shall be changed effective_____.
  iv.  The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____from the sale of this property (describe) _____. All sales shall be completed by_____. Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*      Unpaid filing fees.
*Level Two:*      Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate    protection payments.
*Level Three:*    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
*Level Four:*     Priority Domestic Support Obligations.
*Level Five:*     Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Six:*      All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Seven:*    Allowed general unsecured claims.
*Level Eight:*    Untimely filed unsecured claims for which the Debtor has not lodged an objection.

**1.  UNPAID FILING FEES**  _____

Filing fees: the balance of $_____ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**PAWB Local Form 10 (07/13)**

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326 (a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.* Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **M&T Bank** | **1041 Freeport Road, North East, PA** | **$803.55** | **$14,740.34** |
| | | | |
| | | | |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

| | | | |
|---|---|---|---|
| | | | |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **Erie Federal Credit Union The debtor's mother is in possession of the camper and makes all of the monthly payments. Not to be part of the Chapter 13 Plan.** | **2012 Rockwood Camper** | | | |
| | | | | |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| | | | | |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **Widget Federal Credit Union** | **2008 Ford Focus** | **$5,020.51** | **8%** | **$127.09** |

**PAWB Local Form 10 (07/13)**

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| | | | | |

| **6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER** | **7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:** |
|---|---|
| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
| | |
| | |
| | |

**8. LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| | | | |
| | | | |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| | | | |

**9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **Northeast Township Tax Collector, c/o Penny Luke** | **$1,297.00** | **Real estate** | **9%** | | **2016** |
| | | | | | |
| | | | | | |

\* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**PAWB Local Form 10 (07/13)**

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**
If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.  If this payment is for prepetition arrearages only, check here: ☐   As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| **Berkheimer** | **$121.00** | **Earned income** | **0%** | **2015-2016** |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a.   Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
   b. Attorney fees are payable to **Steidl & Steinberg, Suite 2830- Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219**. In addition to a retainer of **$600.00 in attorney fees, $500.00 in expenses** already paid by or on behalf of the Debtor, the amount of **$3,400.00** is to be paid at the rate of **$200.00**per month.  Including any retainer paid, a total of $_____ has been approved pursuant to a fee application.  An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.
   c. Notice of Postpetition Mortgage Fees, expenses and Charges in the amount of **$750.00** from 3.27.17 and 4/3/17 and **$425.00** form 7/7/17 payable to Lakeview Loan Servicing .

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

**PAWB Local Form 10 (07/13)**

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of **$900.00** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of **$0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **3%.** The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

### GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004.  Proofs of claim by the Trustee will not be required.  The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim.  If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**PAWB Local Form 10 (07/13)**

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier**.**  Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record,  (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS.  FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

Attorney Signature /s/ Kenneth M. Steinberg

Attorney Name and Pa. ID # Kenneth M. Steinberg  #31244

Attorney Address and Phone: 707 Grant Street, Suite 2830-Gulf Tower, Pittsburgh, PA 15219
412-391-8000

Debtor Signature: /s/ Justin C. Patterson

Debtor Signature /s/ Lawrence J. Zock Jr.

**AWB Local Form 10 (07/13)**